IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Case No. 3:22-cr-032 |
| Plaintiff, | * | Judge Walter H. Rice |
| vs. | * | |
| JOHNATHAN DALE STUMP | * | |
| Defendant. | * | |

**DECISION AND ENTRY FINDING DEFENDANT IN VIOLATION OF SUPERVISED RELEASE, A STATUS THAT BEGAN AUGUST 11, 2023, REVOKING SAME AND IMPOSING A SENTENCE CONSECUTIVE TO THE STATE SENTENCE NOW BEING SERVED; A SUPERVISED RELEASE TERM OF LIFE WILL FOLLOW THE SERVING OF THIS COURT'S SENTENCE, UPON CERTAIN CONDITIONS; DEFENDANT WAS ORALLY EXPLAINED HIS RIGHT OF APPEAL AND HE ORALLY INDICATED AN UNDERSTANDING OF SAME; NEITHER COUNSEL FOR THE GOVERNMENT NOR FOR THE DEFENDANT HAD ANY PROCEDURAL OR SUBSTANTIVE OBJECTIONS TO THIS COURT'S DISPOSITION.**

On April 7, 2026, the Defendant, having previously been found in violation of his Supervised Release, a status that began August 11, 2023, appeared in open Court for final disposition.

Pursuant to the record made in open Court on the aforesaid April 7, 2026, the Court revoked the Defendant's Supervised Release, a status that began August 11, 2023, and remanded the Defendant to the custody of the Attorney General of the United States, the Bureau of Prisons, for a period of fifteen (15) months, with credit for all allowable pre-

revocation jail time (approximately eighty (80) days). Upon the completion of serving this Court's sentence set forth herein, he is to serve a period of re-imposed Supervised Release of Life upon the following conditions: That he complete all undischarged conditions of Supervised Release initially imposed at the time of his original sentence; that he be enrolled in intensive treatment, inpatient or outpatient at the discretion of the Probation Officer, for his mental health and substance abuse issues; and, of course, that he follow all the Rules and Regulations of the United States Probation Department. This Court recommends the maximum in halfway house time.

In imposing the above disposition, this Court has considered all the still relevant portions of 18U.S.C. §3553(a), the fact that he admitted to some fifteen violations over the course of some two and one-half years; and that a reimposed period of Supervised Release following the revocation sentence will assure him more consistent and more effective guidance and supervision than merely leaving him under the custody of only the Adult Parole Authority.

Following the above, the Defendant was orally explained his right of appeal, and he orally indicated an understanding of same.

Neither counsel for the government nor for the Defendant had any procedural or substantive objections to this Court's disposition.

At the end of two years of the re-imposed period of Supervised Release, the United States Probation Department feels that Defendant is doing well and has received the maximum benefit from his re-imposed period of Supervised Release, a request for early termination will be seriously considered by the Court.

2

Other than the re-imposed period of Supervised Release to follow the above sentence, this matter is terminated on the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date:  4/15/2026

*Walter H. Rice*

**WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record
Cameron Williams USPO
USM

3